# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

RUSSELL E. D. ROBINSON,

    Plaintiff,

vs.

PAMELA GREEN,

    Defendant.

CIVIL ACTION NO.: CV209-091

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed an action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), contesting the conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §1915A. In determining compliance, the court shall be guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a pro se litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends Defendant Green denied him access to the prison's law library. According to Plaintiff, he needed to file an emergency motion in a cause of action pending in the District of Puerto Rico.

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002)). In order to pass constitutional muster, the access allowed must be more than a mere formality. Bounds v. Smith, 430 U.S. 817, 822 (1977); Chappell, 340 F.3d at 1282. The access must be "adequate, effective, and meaningful." Bounds, 730 U.S. at 822. For an inmate to state a claim that he was denied access to the courts, he must establish that he suffered

"actual injury" by showing that the defendant's actions hindered his ability to pursue a nonfrivolous claim. Christopher, 536 U.S. at 415; Jackson v. State Bd. of Pardons & Paroles, 331 F.3d 790, 797 (11th Cir. 2003). "Actual injury" is an essential element to a claim asserting the denial of access to the courts. See Christopher, 536 U.S. at 415.

Plaintiff has failed to show that he suffered an actual injury to a pending case based on Defendant's alleged actions. In addition, Plaintiff has failed to show that he was pursuing a cause of action protected by access to the courts principles. Hyland v. Parker, 163 F. App'x 793, 798 (11th Cir. 2006) (the "only specific types of legal claims [which] are protected by this right [are] the nonfrivolous prosecution of either a direct appeal of a conviction, a habeas petition, or a civil rights suit.")

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** due to his failure to state a claim upon which relief may be granted.

**SO REPORTED and RECOMMENDED**, this 4th day of August, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE